involved is not one of the original validity of the demands upon which such judgments were obtained. No effort is made to attack the regularity of either of them. The proceedings of the courts in which they were obtained are not under review, nor is any question raised or sought to be injected regarding the jurisdiction of the United States court to make just such a decree as has been made. All we are asked upon this accounting to do is to apply the final adjudication of one court, concededly having jurisdiction, to the judgment of another court. To illustrate: Assume that, after the rendition of each of these judgments, actions had been brought upon them, respectively, in equity, to set them aside, and such actions had been prosecuted to final judgment, determining the invalidity of such judgments; would or could it be contended that the Surrogate's Court, upon final distribution of the funds of the estate, had no right or jurisdiction to observe the determination of such court of equity and apply the same in making distribution? The situation is simply this: Valid judgments were originally obtained against decedent. Subsequently a court of competent jurisdiction has by its judgment declared these judgments discharged. The Surrogate's Court would certainly be one of very limited jurisdiction if it had no right to observe and apply the facts as they actually exist in this particular.

A decree will be entered in this proceeding, directing that the funds of this estate remaining for distribution be paid by the administrator to the next of kin of said decedent in accordance with the statute, excluding the judgment creditors from participation in such distribution.

Decreed accordingly.

---

(64 Misc. Rep. 230.)

In re DOUGHERTY et al.

(Surrogate's Court, Kings County.　July, 1909.)

WILLS (§ 806*)—LEGACIES—ABATEMENT.

　　Where there are three legatees, all seeking preference upon grounds of equal weight, they will be deemed of equal rank, each entitled to the same degree of preference, and therefore among themselves entitled to none, and the estate, not being sufficient to discharge their legacies in full, must be applied proportionately.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2102; Dec. Dig. § 806.*]

Judicial settlement of the account of J. Hampden Dougherty and another as executors of the will of Salina Hudson, deceased. Account settled.

Harry David Kerr, for executors.

Dykman, Oeland & Kuhn, for Brooklyn Trust Company, as committee of George A. Hudson.

Greene, Hurd & Stowell (Richard T. Greene, of counsel), for Cypress Hills Cemetery.

KETCHAM, S. The estate which is the subject of the present accounting is insufficient to pay all of the legacies. There are three

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

legacies, in behalf of each of which a claim is made that it should be preferred and saved from abatement, upon considerations which in each instance would require the payment of the legacy in full, if it were found in contrast with ordinary gratuitous legacies of the class generally subject to abatement.

Thus the first provision for the stepson was doubtless inspired by solicitude for one who bore to the testatrix the practical relation of foster son and who was helpless and unfortunate. A legacy for his support and protection would rank higher than a legacy or series of legacies of a general character.

The next legacy was given as an inducement or reward to one of three persons who might become the committee of the incompetent stepson and give to him the personal care and guardianship which he needed and which had been given to him by the testatrix. This, in turn, was a legacy to be preferred above legacies of general import, not only on the ground that it was intended for the protection of one who stood close to the affections of the testatrix, but also because it was a legacy given in compensation for a service to be performed by the legatee.

The gift to the cemetery, in trust to apply the income to the repair and preservation of the family monument and burial ground, was for a pious use, and may, perhaps, be regarded as a provision for funeral or mortuary expenses. On either ground it would ordinarily not be subject to abatement along with general legacies.

When, therefore, there are three gifts, all equally appealing for preference upon grounds of equal weight and influence in each case, it would seem that they are of equal rank, each entitled to the same degree of preference, and, therefore, among themselves entitled to none. The estate, not being sufficient to discharge these three legacies in full, must be applied proportionately.

Decreed accordingly.